UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL DAVIS, JR.,

    Plaintiff,

        v.                        CAUSE NO. 3:26-CV-372-GSL-JEM

WILKIE, JOHN DOE, and CITY OF
WARSAW,

    Defendants.

## OPINION AND ORDER

Samuel Davis, Jr., a prisoner without a lawyer, filed a complaint alleging Warsaw Police Officers violated his rights when they arrested him. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges he was arrested at his mother's apartment on January 16, 2024. Though he dated the complaint January 1, 2026, he could not have mailed on that day because he attaches Kosciusko County Jail paperwork dated February 27, 2026. *See* ECF 1-1 at 2. Because it was not mailed from the jail until then or later, this complaint is

untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted).

If Davis believes equitable tolling applies to his claims or if he can otherwise explain why this case is not untimely, he can file an amended complaint based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Davis filed an in forma pauperis motion, but he did not attach a copy of his inmate ledger. If he wants to proceed in forma pauperis, he must file a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) GRANTS Samuel Davis, Jr., until **April 27, 2026**, to file an amended complaint with his inmate trust fund ledger;

(2) CAUTIONS Samuel Davis, Jr., if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint is untimely; and

(3) CAUTIONS Samuel Davis, Jr., if he does not file his ledger by the deadline, he will be denied leave to proceed in forma pauperis.

SO ORDERED on March 23, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT