UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL DAVIS, JR.,

    Plaintiff,

        v.                          CAUSE NO. 3:26-CV-372-GSL-JEM

WILKIE, et al.,

    Defendants.

OPINION AND ORDER

Samuel Davis, Jr., a prisoner without a lawyer, filed a complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges a variety of claims related to his arrest at his mother's apartment on January 16, 2024. This court's earlier screening order explained that Davis did not initiate this case until at least February 27, 2026, and the complaint was therefore untimely. The court explained that "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The court also

explained that, in some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted).

Davis was told that, if he believed equitable tolling applied to his claims or if he could otherwise explain why his case is not untimely, he could file an amended complaint. Davis's amended complaint does not address the timeliness of his claims despite being explicitly told to do so.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as frivolous because Davis's claims were untimely.

SO ORDERED on April 15, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

2