UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL DAVIS, JR.,

Plaintiff,

v.                                          CAUSE NO. 3:26-CV-372-GSL-JEM

WILKIE, et al.,

Defendants.

OPINION AND ORDER

Samuel Davis, Jr., a prisoner without a lawyer, filed a letter asking this court to reconsider its order dismissing this case. ECF 11. On April 15, 2026, this case was dismissed as untimely. ECF 8. The court had given Davis an opportunity to file an amended complaint if he believed equitable tolling applied to his claims or if he could otherwise explain why his complaint was not untimely. ECF 3. In dismissing Davis's case, the court noted that he filed an amended complaint (ECF 5), but it did not address the timeliness of his claims despite being explicitly told to do so. ECF 8.

Davis seeks reconsideration, arguing that he "showed evidence to why." ECF 11. More specifically, he explains that the complaint was not filed in a timely manner because the jail commander failed to fill out his in forma pauperis form in a timely manner.

Because the request contained in Davis's letter was filed within 28 days after the entry of judgment, it could be construed as a motion under either Fed. R. Civ. P. 59(e) or 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (instructing courts to

construe timely post-judgment motions as ones under Fed. R. Civ. P. 59(e) or 60(b) according to the substance of the motion). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (internal citation omitted). Federal Rule of Civil Procedure 60(b) authorizes a court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Davis's request falls under the provision in Rule 60(b) that allows a court to vacate a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A trial judge's decision to grant or deny relief under Rule 60(b)(1) is discretionary[.]" *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

As explained in this court's March 23, 2026, order (ECF 3) and April 15, 2026, order (ECF 8), "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock

when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted).

Davis did not address the timeliness of his claims in the body of his amended complaint. ECF 5. However, a letter dated March 30, 2026, addressed to Mr. Gelbaugh, Marsh, and Michelle, was sent with the amended complaint (ECF 5-1) and that letter does explain why the amended complaint was not filed in a timely manner. In the letter, Davis explains that, around January 11, 2026, he sent Michelle a letter asking her to fill out information on an in forma pauperis form and attach Davis's trust fund ledger to the form. An officer returned the form to Davis incomplete. Davis made a second request that the in forma pauperis form be completed, but he received no response. He also made a verbal request. The documents were completed around February 27, 2026, when Michelle returned to work following a medical leave. In the letter, Davis contends that the defendants caused his complaint to be untimely because they did not fill out the in forma pauperis form when he requested that they do so. He further contends that Michell's absence due to a medical issue was an extraordinary circumstance that prevented him from bringing his complaint in a timely manner. The letter asks the defendants to explain "why they caused plaintiff to not file his complaint in a timely manner[.]" ECF 5-1 at 2.

Davis also notes that his complaint (ECF 1), which he concedes was erroneously dated January 1, 2026, should have been dated January 11, 2026, because that is when it was completed. But the date Davis finished working on the complaint is not the date

3

when it is filed. Under the mailbox rule, a prisoner's submissions to the court are to be deemed filed on the date they are delivered to prison authorities for forwarding to the district court. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (describing prison mailbox rule). Here, Davis's letter shows that he was attempting to get his in forma pauperis form filled out by jail staff and obtain copies of his ledgers. The letter does not explain why Davis did not file his complaint with the court in a timely manner. The difficulty that Davis describes with getting jail staff to complete an in forma pauperis form did not, as Davis argues, prevent him from filing his complaint. Therefore, this court stands by its order dismissing this case.

For these reasons, Davis's letter (ECF 11), construed as a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b), is DENIED.

SO ORDERED on May 14, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT